**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000852
31-AUG-2015
10:07 AM**

NO. CAAP-12-0000852

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THOMAS L.V. LODI, M.D., Appellant-Appellant, v.
STATE OF HAWAI'I BOARD OF MEDICAL EXAMINERS, Appellee-Appellee,

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-0014-01 RAN)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

In this secondary appeal, Petitioner-Appellant-
Appellant Thomas L.V. Lodi, M.D. (Lodi) appeals from (1) the
"Decision and Order Affirming Board's Final Order Filed
December 12, 2011, and Dismissing Appellant's Appeal" and (2) the
Judgment entered by the Circuit Court of the First Circuit
(Circuit Court) on September 19, 2012.[1] This case arises out of
the State of Hawai'i Board of Medical Examiners' (BME) denial of
Lodi's application for a license to practice medicine in the
State of Hawai'i (Hawai'i) and subsequent denials of his various
administrative and court appeals.

On appeal before this court, Lodi argues that the
Circuit Court erred when it failed to: (1) remand and order BME
to enter a ruling on each of Lodi's proposed findings of fact,
pursuant to Hawaii Revised Statutes (HRS) § 91-12 (2012); (2)
remand and order BME to give Lodi written notice of the specific
reasons for which it denied his application, pursuant to HRS
§ 436B-9(a)(2) (2013), and conclude that BME erred in entering

---

[1]     The Honorable Rhonda A. Nishimura presided.

its Conclusion of Law F, that the BME is not required to issue Findings of Fact; (3) conclude that BME erred in entering its Conclusions of Law A, B, and C, which held that Lodi's application was denied on the basis of HRS § 453-8(a)(5), (a)(4), and (a)(9) (1993), respectively; (4) remand and order BME to accept and consider evidence of Lodi's sobriety, pursuant to Hawaii Administrative Rules (HAR) § 16-201-32.5; and (5) conclude that BME policies and procedures violated Lodi's procedural due process rights.

After a careful review of the points raised and arguments made by the parties, the record on appeal and the applicable authority, we resolve Lodi's appeal as follows and affirm.

1. Lodi argues that the Circuit Court erred when it failed to conclude that BME violated HRS § 91-12[2] because BME failed to rule on Lodi's proposed findings of fact. However, HRS § 92-12 has been construed as not requiring the agency to make a separate ruling on every proposed finding of fact so long as the findings it makes are reasonably clear. Outdoor Circle v. Harold K.L. Castle Trust Estate, 4 Haw. App. 633, 644-45, 675 P.2d 784, 792 (1983). Moreover, BME's adoption of Officer Maile's Recommended Order impliedly rejected Lodi's proposed findings of fact. Id. Finally, HRS § 91-12 applies to a final decision and order resulting from a contested case hearing, not the initial decision or requested reconsiderations, and therefore did not mandate findings of fact and conclusions of law until the

---

[2]
> § 91-12 Decisions and orders. Every decision and order adverse to a party to the proceeding, rendered by an agency in a contested case, shall be in writing or stated in the record and shall be accompanied by separate findings of fact and conclusions of law. If any party to the proceeding has filed proposed findings of fact, the agency shall incorporate in its decision a ruling upon each proposed finding so presented. The agency shall notify the parties to the proceeding by delivering or mailing a certified copy of the decision and order and accompanying findings and conclusions within a reasonable time to each party or to the party's attorney of record.

(Emphasis added.)

2

contested case hearing was had. The Circuit Court did not err when it failed to conclude that BME violated HRS § 91-12.[3]

2. Lodi argues that the Circuit Court erred when it failed to conclude that BME violated HRS § 436B-9(a)(2) or § 92-9 (2012) because BME's board minutes are not a true and accurate reflection of the matters discussed by BME.

Lodi asserts that BME violated HRS § 92-9[4] because "[BME] executive session reports were never approved or adopted by [BME] as board minutes" and therefore apparently cannot serve as a basis for denial of Lodi's application. We reject this argument as HRS § 92-9 does not require an agency to formally adopt executive session reports as official minutes and Lodi provides no other legal authority for this proposition.

Lodi also contends that BME meeting minutes do not contain "any record of any votes by the member [sic] of [BME] to adopt any specific facts or basis for denial." HRS § 92-9 requires that meeting minutes contain "a record, by individual member, of any votes taken[.]" HRS § 92-9(a)(3) (emphasis added). Although the minutes do not specifically reflect the votes of each individual member, they show for each meeting during which Lodi's application or requests for reconsideration were denied, the members who were present, the existence of a quorum, that a majority of the members voted to deny Lodi's application or request for reconsideration, the reasons for the

---

[3]    Lodi fails to present any argument in support of his point that BME's failure to rule on each of his proposed findings of fact also violated HRS § 91-14(g)(1) and (3) (2012). We decline to consider this point and deem it waived. Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7).

[4]        **§ 92-9 Minutes.** (a) The board shall keep written minutes of all meetings. Unless otherwise required by law, neither a full transcript nor a recording of the meeting is required, but the written minutes shall give a true reflection of the matters discussed at the meeting and the views of the participants. The minutes shall include, but need not be limited to:

. . . .

(3)    The substance of all matters proposed, discussed, or decided; and a record, by individual member, of any votes taken[.]

(Emphasis added.)

3

denial, and the individual members who voted against the majority or abstained from voting. Lodi has not shown that any failure to record the votes of the individual members resulted in any prejudice to him or warrants invalidating the BME's decision. The minutes also serve to refute Lodi's contention that letters sent to him by the Executive Director did not reflect the decision of the BME. The minutes confirm that a majority of the BME in each instance voted to deny Lodi's application and requests for reconsideration. At the contested case hearing, Executive Officer Cabral testified that the BME's May 14, 2004 minutes were "adopted and confirmed" and Lodi's counsel stated, "Board minutes are ratified as being correct and accurate at subsequent meetings. These minutes, as I understand it, are accurate."

3. Lodi argues that the Circuit Court erred when it failed to hold erroneous BME's Conclusions of Law A, B, and C, holding that Lodi's application was denied on the basis of HRS § 453-8(a)(5), (a)(4), and (a)(9), respectively.

First, Lodi asserts that "the testimony of the Executive Officer was that [BME] withdrew [HRS § 453-8(a)(4) and (5)] as a basis to deny [Lodi]." Lodi provides no citation to the record on appeal for this assertion, nor does he indicate who the Executive Officer is. The original application and first reconsideration were, in fact, denied pursuant to HRS § 453-8(a)(4) and (5), and so Lodi's assertion is false as to those decisions. While the second reconsideration denial was based on HRS § 453-8(a)(6), (7) and (9), it is not in conflict with BME's prior decisions and letters to Lodi. Nothing in Chapter 436B requires an agency use the exact same grounds to deny a license in the first instance and upon reconsideration.

Second, Lodi asserts that "BME's refusal to address the factual matters addressed in [Lodi's] proposed Findings of Fact attempts to keep out those facts which would show the error of [BME's] alleged and claimed reliance on those statutory sections." Again, an agency need not address every proposed finding of fact provided that its findings are reasonably clear. See Outdoor Circle, 4 Haw. App. at 644-45, 675 P.2d at 792.

4

Third, Lodi appears to assert that there was insufficient evidence to support Conclusions of Law A, B, and C but fails to provide authority or factual support for his argument, which we must reject.

Fourth, Lodi asserts that BME never adopted HRS § 453-8(a)(9) as a basis for denying his application, an allegation not well-founded in the record.

Finally, Lodi argues that "[BME] has offered no testimony as to veracity[] of the information in the documents upon which they relied despite the uncontradicted testimony of [Lodi] and the evidence offered by his health care providers[,]" essentially arguing against the sufficiency of the evidence underlying BME's decision. Lodi's argument lacks merit as it is merely an invitation to reassess the weight given to the evidence by the fact-finder, which we decline to do. Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawaiʻi 97, 58 P.3d 608 (2002).

The Circuit Court did not err when it failed to hold erroneous BME's Conclusions of Law A, B, and C.

4. Lodi challenges the decision of the hearing officer to exclude the proffered statements of Dr. Nicholas A. Pace (Dr. Pace) and Dr. Robert E. Larson (Dr. Larson) under HAR § 16-201.32.5 "on the grounds that the offered evidence had not been presented to [BME.]" HAR § 16-201-32.5 provides that "in hearings where the issue for determination is whether the authority properly denied an application for licensure, the record shall consist of only the information presented to the authority for consideration in reviewing the application." The exclusion of the proffered affidavits was not in error.

5. Lodi argues that his due process rights were violated because BME failed to follow statutorily mandated procedures.[5] "The basic elements of procedural due process of law require notice and an opportunity to be heard at a meaningful

_____

[5] We initially note that Lodi's point on appeal fails to comply with HRAP Rule 28(b)(4) insofar as it fails to provide record references documenting where the alleged errors occurred. Nevertheless, due to our preference for addressing appeals on the merits, where possible, we will examine Lodi's points insofar as we can ascertain them. O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994).

5

time and in a meaningful manner." <u>Korean Buddhist Dae Won Sa Temple of Hawaii v. Sullivan</u>, 87 Hawaiʻi 217, 243, 953 P.2d 1315, 1341 (1998) (citations omitted).

First, Lodi argues that timely notice of the reasons for denying his application was not provided to him prior to the notice of denial, in alleged violation of HRS § 436B-9(a)(2).[6] However, HRS § 436B-9(a)(2) does not require that the BME inform Lodi of its reasons *before* issuing its decision, but rather *with* the notification of denial. Lodi does not deny that the notification of the BME's denial contained their reasons.

Second, Lodi argues that BME "has several times drawn conclusions from statements of faceless and unknown authors in reports[] without even a preliminary examination of the truthfulness and accuracy of the statements" in alleged violation of HAR § 16-201-21.[7] Our review of the record reveals that the

---

[6] **§ 436B-9 Action on applications; abandoned applications.** (a) Unless otherwise provided by law, each licensing authority shall take the following actions within one year after the filing of a complete application for licensure:

. . . .

(2) Notify the applicant in writing by mail of the decision regarding the application for licensure. If the application has been denied, written notice of the decision shall state specifically the reason for denying the application and shall inform the applicant of the right to a hearing under chapter 91.

[7] **§ 16-201-21 Evidence.** (a) The admissibility of evidence at the hearing shall not be governed by the laws of evidence and all relevant oral or documentary evidence shall be admitted if it is the sort of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs. Irrelevant, immaterial, or unduly repetitious material shall not be admitted into evidence. The authority or hearings officer shall give effect to the privileges recognized at law.

. . . .

(d) Except as otherwise provided by law, the burden of proof, including the burden of producing the evidence and the burden of persuasion, shall be upon the party initiating the proceeding. Proof of a matter shall be by a preponderance of the evidence.

BME demonstrated at length that it did examine the truthfulness and accuracy of statements relied upon.

Third, Lodi apparently argues that BME improperly employed HAR § 16-201-32.5 to prevent consideration of relevant evidence at the contested case hearing. The Hearings Officer sustained BME's objection to Lodi's introduction of those affidavits and/or letters because that evidence was not "information presented to the authority for consideration in reviewing the application" as required by HAR § 16-201-32.5. Lodi, as the applicant, had the burden of proving that he possessed the necessary qualifications for licensure, HRS § 453-4 (2014) ("Before any applicant shall be eligible for licensure, the applicant shall furnish proof satisfactory to the board that: (1) The applicant is of demonstrated competence and professional knowledge. . . ."), and therefore, it was incumbent upon him to present all relevant materials to the BME before the licensure decision was made. Moreover, in this case, Lodi requested, and was granted two reconsiderations of the BME's decision to deny his application spanning more than three years after the denial, giving him ample opportunity to present these materials before the contested case hearing. On this record, Lodi fails to support his claim that by excluding Dr. Pace's and Dr. Larson's affidavits, the hearing officer deprived him of his rights to due process.

Fourth, Lodi argues that the "[HRS § 436B-9(a)(2)] letters prepared by the Executive Officers are not reports of 'Board action' but the author's lay opinion of discussions of [BME]." Lodi fails to provide legal authority for his proposition that letters of notification, produced by employees of the BME who were present at the time the decision were made, violated his rights to due process.

Lodi further asserts (1) that the HRS § 436B-9 letters must be timely so that "[Lodi] can respond before a decision is made" and also (2) that "those letters mislead [sic] [Lodi.]" As to the first contention, by its plain language, HRS § 436B-9(a)(2) is only triggered *after* the licensing authority makes a decision. The second assertion is not supported by the record as

each letter accurately reflects the action taken by the BME according to BME Minutes of Meeting. Moreover, as is discussed above, BME is not required to make findings of fact until the contested case hearing.

Fifth, Lodi argues that "[n]o cursory examination of the credibility and trustworthiness of the information was done by [BME] for the evidence that they considered in arriving at their decisions." Again, BME demonstrated at length that it did examine the truthfulness and accuracy of statements relied upon.

Finally, Lodi has failed to demonstrate errors in BME's minutes or letters to him, or how these alleged defects violated his due process rights.

Lodi has failed to show how any of his complaints deprived him of due process.

Based on the foregoing, the (1) "Decision and Order Affirming Board's Final Order Filed December 12, 2011, and Dismissing Appellant's Appeal" and (2) Judgment entered by the Circuit Court of the First Circuit on September 19, 2012 are affirmed.

DATED: Honolulu, Hawai'i, August 31, 2015.

On the briefs:

Lorrin A. Kau,
for Appellant-Appellant.

Lei S. Fukumura,
Special Deputy Attorney
General,
Department of Commerce and
Consumer Affairs,
for Appellee-Appellee.

*Craig H. Nakamura*

Chief Judge

*Daniel R. Foley*

Associate Judge

*Alexa Fujise*

Associate Judge

8